IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANIEL E. JOHNSON                                                                                PLAINTIFF

v.                                        Civil No. 14-5324

SHERIFF TIM HELDER                                                                         DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.

When he filed this case, Plaintiff was incarcerated in the Washington County Detention Center (WCDC).  Defendant filed a motion (Doc. 14) for a telephone conference call hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure.  A hearing was scheduled for May 26, 2015, at 1:30 p.m.  A writ was issued for the WCDC to make Plaintiff available for the telephone hearing.

The day of the hearing, the Court learned that the Plaintiff was no longer incarcerated in the WCDC.  The hearing was cancelled.

The Court was informed by dentention center personnel that Plaintiff had been transferred to the Arkansas Department of Correction (ADC) on March 25, 2015.  A change of address was entered for the Plaintiff.

When he filed this case, Plaintiff was specifically notified by order (Doc. 3) that he must immediately inform the Court of any changes in his address.  Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas provides that "[i]t is the duty of any party not represented by counsel to promptly notify the Clerk and other parties to the proceedings of any change in his or her address."

-1-

A show cause order (Doc. 24) was entered on May 26, 2015. Plaintiff was given until June 8, 2015, to show cause why this case should not be dismissed based on his failure to inform the Court of a change in his address and his failure to prosecute this case.

The show cause order was returned as undeliverable. A new address was obtained for the Plaintiff by the Clerk and all mail was resent to the new address.

On June 16, 2015, another show cause order (Doc. 25) was entered. Plaintiff was given until June 29, 2015, to show cause why the case should not be dismissed based on his failure to prosecute and failure to obey the orders of the Court.

Plaintiff has not responded to the show cause order. He has not sought additional time to respond. The show cause order (Doc. 25) was not returned as undeliverable. Plaintiff has not communicated with the Court in anyway.

I therefore recommend that this case be dismissed with prejudice based on the Plaintiff's failure to obey the orders of the Court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of July 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE